UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HERBERT S. OLSON,<br><br>        Plaintiff,<br><br> v.<br><br>STATE OF NEVADA, STATE CAPITOL<br><br>        Defendant. | Case No. 3:23-CV-00513-ART-CLB<br><br>ORDER |

  Plaintiff Herbert S. Olson ("Olson"), proceeding *pro se*, filed the present suit alleging that Defendant State of Nevada, State Capitol ("State Capitol") violated the American with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act ("RA"), and NRS 484B.467. Before the Court is Defendant's Motion to Dismiss (ECF No. 6), Plaintiff's Motion to Extend Time (ECF No. 8), Plaintiff's Motion for Default Judgment (ECF No. 10), Defendant's Motion to Strike the Motion for Default Judgment (ECF No. 13), and Plaintiff's Motion for Status Check (ECF No. 16.)

**I. BACKGROUND**

  Plaintiff alleges the following. Plaintiff is an individual born in Elko, Nevada who has Brown-Sequard Syndrome (BSS), which is "a rare neurological condition characterized by a lesion in the spinal cord which results in weakness or a paralysis (hemiparaplegia) on one side of the body and loss of sensation (hemianesthesia) on the opposite side." (ECF No. 1 at 4.) Plaintiff tried to visit the State Capitol in September 2022, but he was unable to do so due to construction. (*Id.* at 3.) He states that he thought that the State would bring the outside of the State Capitol into compliance with the ADA, RA, and NRS 484B.467 during the construction, but the State continues to deny him equal access. (*Id.*)

  Plaintiff identifies the following violations. First, he claims that Defendant is

violating the ADA due to a "[l]ack of wheelchair ramps, sidewalks, curb ramps, detectable warnings, handicap parking, signage at the State Capitol." (*Id.* at 13.) He also states that there is "[i]nsufficient and inadequate public and employee handicapped parking, [and] van accessible parking at the State Capitol." (*Id.*) Plaintiff further alleges that Defendant has violated the RA by "maintain[ing] public right of way that are not accessible to all the people who rely on mobility devices, including wheelchairs." (*Id.* at 16.) Additionally, Plaintiff claims that Defendant has violated NRS 484B.467, which requires parking signs for handicapped parking and van accessible parking. (*Id.* at 17.)

## II. LEGAL STANDARD

A court must dismiss a complaint if it fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663 (citing *Twombly*, 550 U.S. at 556).

At the pleading stage, *Twombly* and *Iqbal* "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*. 550 U.S. at 556. Under *Twombly* and *Iqbal*, "[a] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Then, the court should assume the veracity of well-pleaded factual allegations "and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

///
///

### III. DISCUSSION

a. Motion to Dismiss

Defendant has filed a Motion to Dismiss arguing that Plaintiff failed to join a necessary party per FRCP 19 and violated NRS 41.031. FRCP 19 requires joinder of a party if "in that person's absence, the court cannot accord complete relief among existing parties" or if "disposing of the action in the person's absence may as a practical matter impair or impede the person's ability to protect [its] interests." FED. R. CIV. P. 19(a)(1)(A); 19(a)(1)(B)(i). Nevada law requires "[i]n any action against the State of Nevada, the action must be brought in the name of the State of Nevada on relation of the particular department, commission, board or other agency of the State whose actions are the basis for the suit." NRS § 41.031(2).

The Court will grant the Motion to Dismiss but will allow Plaintiff to file an amended complaint with the proper defendant. Plaintiff has not included a proper defendant per NRS 41.031 because State Capitol is the location at issue but is not a department or agency. Thus, there is a defendant that has not been named or joined as Nevada law and FRCP 19 requires. However, the State of Nevada and the Attorney General's Office have acted in this case by accepting service (ECF No. 5) and filing the Motion to Dismiss (ECF No. 6). Because the State of Nevada has taken such actions involving itself in the matter, the Court orders the Attorney General's Office to identify the proper defendant within 14 days so Plaintiff may proceed with his case. The Court will grant the Motion to Dismiss without prejudice and leave to amend so Plaintiff may file his amended complaint with the proper defendant within 14 days of the Attorney General's Office informing Plaintiff of the proper defendant.

b. Motion for Default Judgment and Motion to Strike

Plaintiff has filed a Motion for a Default Judgment (ECF No. 10) arguing that Defendant's Motion to Dismiss was untimely. He states that the complaint was

3

served on November 15, 2023, but Defendant did not file its Motion to Dismiss until December 12, 2023. (ECF No. 10 at 2.) In its Motion to Strike the Motion for a Default Judgment, Defendant argues that its motion is timely because Plaintiff failed to name the proper defendant and Defendant filed its Motion to Dismiss eight days after the Declaration was filed with the Court, to which Plaintiff filed a response. (ECF No. 13 at 2-3.) The Court will deny the Motion for Default Judgment because it appears that the State of Nevada acted promptly when it became aware of Plaintiff's complaint even with the issues surrounding identifying the proper defendant. The Court will deny Defendant's Motion to Strike (ECF No. 13) because Plaintiff's motion was not "redundant, immaterial, impertinent, or scandalous" and motions to strike are generally disfavored. FED. R. CIV. P. 12(f).

c. Motion to Extend Time

The Court will grant nunc pro tunc Plaintiff's Motion to Extend Time to File a Response to Defendant's Motion to Dismiss (ECF No. 8). Defendant does not oppose the motion (see ECF No. 9) and Plaintiff filed the motion with good cause.

d. Motion for Status Check

Plaintiff also filed a Motion for a Status Check. (ECF No. 16.) Because the Court has resolved the pending motions, this motion is denied as moot.

**IV.  CONCLUSION**

It is therefore ordered that Defendant's Motion to Dismiss (ECF No. 6) is granted without prejudice and with leave to amend for Plaintiff to file an amended complaint.

It is further ordered that the Attorney General's Office provide Plaintiff and the Court with the identity of the proper defendant within 14 days of the filing of this order.

It is further ordered that Plaintiff will have 14 days from the date that the Attorney General's Office identifies the proper defendant to file an amended

complaint with the proper defendant.

It is further ordered that Plaintiff's Motion for a Default Judgment (ECF No. 10) and Defendant's Motion to Strike the Motion for a Default Judgment (ECF No. 13) are denied.

It is further ordered that Plaintiff's Motion to Extend Time (ECF No. 8) is granted nunc pro tunc.

It is further ordered that Plaintiff's Motion for a Status Check (ECF No. 16) is denied as moot.

DATED THIS 17th day of July 2024.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE