UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HERBERT S. OLSON,<br><br>　　　　　Plaintiff,<br>v.<br><br>STATE OF NEVADA, STATE CAPITOL, DEPT. OF ADMINISTRATION, STATE PUBLIC WORKS DIVISION, et al.<br><br>　　　　　Defendant. | Case No. 3:23-CV-00513-ART-CLB<br><br>ORDER ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br>(ECF No. 23) |

Plaintiff Herbert S. Olson, proceeding *pro se*, brings this action alleging that violations of the American with Disabilities Act, Section 504 of the Rehabilitation Act, and NRS 484B.467. Before the Court is Plaintiff's Motion for Default Judgment. (ECF No. 23.) For the reasons below, the Court DENIES this motion and directs Plaintiff to properly serve Defendant.

**I.　BACKGROUND**

On July 7, 2024, the Court granted Defendant's motion to dismiss and gave Plaintiff leave to amend to file a complaint against the proper defendant. (ECF No. 17.) The Court also ordered Defendant to provide Plaintiff with the identity of the proper Defendant. (*Id.*) Defendant identified the proper defendant as "Department of Administration, State Public Works Division, Buildings & Grounds Section." (ECF No. 18.) On December 16, 2024, Plaintiff filed an amended complaint listing "State of Nevada, State Capitol" and "Dept. of Administration, State Public Works Division, et al." as Defendants. (ECF No. 22.) On January 27, 2025, Plaintiff filed a motion for default judgment against Defendants. (ECF No. 23.) Defendant State of Nevada, Department of Administration, State Public Works Division ("SPWD") responded, arguing that it has not been properly served and thus is not in default. (ECF No. 24.)

1

## II. ANALYSIS

The Court denies Plaintiff's motion for default judgment for two reasons. First, Default has not been entered against Defendants, and second, Defendant SPWD has not been properly served.

Federal Rule of Civil Procedure 55 requires a two-step process for default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, a party must seek a clerk's entry of default under Rule 55(a), which is appropriate only where a party "has failed to plead or otherwise defend." *BBK Tobacco & Foods, LLP v. Aims Grp. USA Corp.*, 723 F. Supp. 3d 973, 981 (D. Nev. 2024) (quoting Fed. R. Civ. P. 55(a)). Only after default has been entered may a party then move the court for an entry of default judgment under Rule 55(b). *Id.* Here, Plaintiff moved for default judgment, but default has not been entered by the clerk. Accordingly, Plaintiff's motion is premature.

Additionally, even if Plaintiff had moved for default under Rule 55(a), the Court would deny this motion because the Defendant has not been properly served. *See Marty v. Green*, No. 2:10-CV-01823, 2011 WL 320303, at *4 (E.D. Cal. Jan. 28, 2011) (stating that the court would have denied motion for default because defendants had not been properly served). A default judgment is void where a defendant had not been properly served. *Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992) (default judgment is void where defendant was not properly served). Here, Plaintiff states that he mailed the amended complaint at ECF No. 22 to the Attorney General's office. As discussed below, that is not sufficient to effect service of process. The court therefore denies Plaintiff's motion for this reason as well.

## III. SERVICE

Under Federal Rule of Civil Procedure 4, a Plaintiff may effectuate service in two ways:

2

> A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
>
>> (A) delivering a copy of the **summons and of the complaint** to its chief executive officer; or
>> (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant

Fed. R. Civ. P. 4 (emphasis added). Thus, Plaintiff can properly serve Defendant SPWD by either complying with Federal Rule of Civil Procedure 4(A), or by complying with state law requirements for service of process on the state, outlined below.

Nevada Revised Statute 41.031(2) provides that:

> An action against the State of Nevada must be filed in the county where the cause or some part thereof arose or in Carson City. In an action against the State of Nevada, the **summons and a copy of the complaint** must be served upon:
>> (a) The Attorney General, or a person designated by the Attorney General, at the Office of the Attorney General in Carson City; **and**
>> (b) The person serving in the office of administrative head of the named agency

NRS 41.031(2) (emphasis added). Rule 4.2 of the Nevada Rules of Civil Procedure provides nearly identical requirements for service of process:

> The State and any public entity of the State must be served by delivering a **copy of the summons and complaint** to:
>> (A) the Attorney General, or a person designated by the Attorney General to receive service of process, at the Office of the Attorney General in Carson City; **and**
>> (B) the person serving in the office of administrative head of the named public entity, or an agent designated by the administrative head to receive service of process.

Nev. R. Civ. P. 4.2 (emphasis added). The Court shall give Plaintiff sixty days, until June 24, 2025, to properly serve Defendant SPWD.

3

**IV.   Conclusion**

It is therefore ordered that the Court grants Plaintiff until June 24, 2025, to provide proof of proper service upon the Defendant Department of Administration, State Public Works Division.

It is further ordered that Plaintiff's request for submission (ECF No. 25) is GRANTED.

It is further ordered that Plaintiff's motion for default judgment (ECF No. 23) is DENIED.

Dated this 25th day of April, 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE