UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

HERBERT S. OLSON,

　　　　　　Plaintiff,

　　v.

STATE OF NEVADA, STATE CAPITOL, DEPT. OF ADMINISTRATION, STATE PUBLIC WORKS DIVISION, et al.

　　　　　　Defendant.

Case No. 3:23-CV-00513-ART-CLB

ORDER

Plaintiff Herbert S. Olson, proceeding *pro se*, brings this action alleging that violations of the American with Disabilities Act, Section 504 of the Rehabilitation Act, and NRS 484B.467. Before the Court is Plaintiff's Motion for Default Judgment (ECF No. 30), Defendants' Motion to Dismiss the Second Amended Complaint (ECF No. 32), Defendants' Motion to Strike the Third Amended Complaint (ECF No. 35), and Plaintiff's Motion to Strike Defendants' Reply (ECF No. 38).

## I.　　BACKGROUND

On July 7, 2024, the Court granted Defendants' motion to dismiss and gave Plaintiff leave to amend to file a complaint against the proper defendant. (ECF No. 17.) The Court also ordered Defendants to provide Plaintiff with the identity of the proper Defendant. (*Id.*) Defendants identified the proper defendant as "Department of Administration, State Public Works Division, Buildings & Grounds Section." (ECF No. 18.) On December 16, 2024, Plaintiff filed an amended complaint listing "State of Nevada, State Capitol" and "Dept. of Administration, State Public Works Division, et al." as Defendants. (ECF No. 22.) On January 27, 2025, Plaintiff filed a motion for default judgment against Defendants. (ECF No. 23.) Defendant State of Nevada, Department of

1

Administration, State Public Works Division ("SPWD") responded, arguing that it has not been properly served and thus is not in default. (ECF No. 24.) The Court denied Plaintiff's Motion for Default Judgment because Default was not entered against Defendants and Defendant SPWD was not properly served. (ECF No. 26.)

Plaintiff filed a Third Amended Complaint on June 6, 2025, currently labeled "Proposed Summons" on the docket, and served Wilfred J. Louis, Administrator of the State Public Works Division. (ECF No. 27.) On July 21, 2025, Plaintiff filed for Default Judgment again. (ECF No. 30.) Defendant SPWD responded, arguing that it has still not been properly served, and concurrently filing a Motion to Dismiss and Motion to Strike the Third Amended Complaint (ECF Nos. 31, 32.)

## II.    ANALYSIS

The Court denies Plaintiff's motion for default judgment for two reasons. First, Default has still not been entered against Defendants, and second, Defendant Public Works Division Administrator has not been properly served.

### A. Entry of default is a prerequisite for default judgment.

Federal Rule of Civil Procedure 55 requires a two-step process for default judgment. *Eitel v. McCool,* 782 F.2d 1470, 1471 (9th Cir. 1986). First, a party must seek a clerk's entry of default under Rule 55(a), which is appropriate only where a party "has failed to plead or otherwise defend." *BBK Tobacco & Foods, LLP v. Aims Grp. USA Corp.,* 723 F. Supp. 3d 973, 981 (D. Nev. 2024) (quoting Fed. R. Civ. P. 55(a)). Only after default has been entered may a party then move the court for an entry of default judgment under Rule 55(b). *Id.* Here, Plaintiff moved for default judgment, but default has not been entered by the clerk. Accordingly, Plaintiff's motion is premature.

Additionally, even if Plaintiff had moved for default under Rule 55(a), the Court would deny this motion because a Defendant has not been properly served. *See Marty v. Green,* No. 2:10-CV-01823, 2011 WL 320303, at *4 (E.D. Cal. Jan.

28, 2011) (stating that the court would have denied motion for default because defendants had not been properly served). A default judgment is void where a defendant had not been properly served. *Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992) (default judgment is void where defendant was not properly served). Here, Plaintiff states that he had the Carson City Sheriff Department serve the summons and amended complaint at ECF No. 27 to the Administrator of the State Public Works Division through Authorized Individual Giovanni Madera on June 17, 2025. As discussed below, that is not sufficient to effect service of process, because Plaintiff must also serve the Attorney General or a designated service receiver. The Court therefore denies Plaintiff's motion for this reason as well.

**B. The Court will allow Plaintiff to cure improper service.**

Service is improper because while Plaintiff properly delivered the summons and amended complaint to SWPD, he has failed to also serve the Attorney General as required by NRS 41.031(2).

Under Rule 4(j)(2), a state or local government must be served by either "delivering a copy of the summons and of the complaint to its chief executive officer," or by "serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." NRS 41.031 governs service of process on the State of Nevada or a state agency. According to that provision, in an action against the State of Nevada, the summons and a copy of the complaint must be served upon: "(a) The Attorney General, or a person designated by the Attorney General, at the Office of the Attorney General in Carson City; *and* (b) The person serving in the office of administrative head of the named agency." NRS 41.031(2). (emphasis added)

Courts have broad "discretion to extend time for service under Rule 4(m)," *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007), and may extend time for

service even after the Rule 4(m) deadline has expired, *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003). Assuming insufficiency of service of process, the Court has discretion to quash service under Rule 12(b)(5) and allow re-service. *Patel-Julson v. Paul Smith Las Vegas, Inc.*, No. 2:12-cv-01023-MMD, 2013 WL 1752897 at *3 (D. Nev. Apr. 23, 2013) (citing *SHJ v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006) (internal citation omitted)) (quashing improper service and extending time for service under Rule 4(m)). Accordingly, the Court quashes the improper service and gives Plaintiff thirty days, until February 15, 2026, to properly serve Defendant Department of Administration, State Public Works Division *and* the Attorney General or person designated by the Attorney General the Third Amended Complaint.

### C. MOTIONS TO STRIKE

Defendants move to strike Plaintiff's Third Amended Complaint for its filing without leave of court. (ECF No. 32.) Defendants are correct that Plaintiff did not ask the Court for leave to amend his complaint per Local Rule 15-1. In his opposition to Defendants' Motion to Strike Plaintiff's Motion for Sanctions (ECF No. 36), Plaintiff requests that the Court adopt the Third Amended Complaint (ECF No. 27) as the operative complaint. In light of the fact that Plaintiff is proceeding *pro se* and Defendant SWPD has not been served, the Court sua sponte grants the Plaintiff leave to file his Third Amended Complaint and properly serve the relevant Defendants.

Defendants also move to strike Plaintiff's Motion for Sanctions, although the filing is titled Motion to Strike Amended Complaint. (ECF No. 35.) Because the magistrate judge already denied the Motion for Sanctions (ECF No. 40), this motion is denied as moot. Similarly, Plaintiff's Motion to Strike Defendants' Reply (ECF No. 37) is also denied as moot.

### D. Conclusion

It is therefore ordered that the Court grants Plaintiff until February 15,

2026, to provide proof of proper service of the Third Amended Complaint upon the Attorney General or his designated service receiver. If Plaintiff does not properly serve the Attorney General by February 15, 2026, this action will be dismissed.

It is further ordered that Plaintiff's Motion for Default Judgment (ECF No. 30) is DENIED.

It is further ordered that Defendants' Motion to Dismiss the Third Amended Complaint (ECF No. 32) is DENIED.

It is further ordered that Defendants' Motion to Strike Plaintiff's Motion for Sanctions (ECF No. 35) is DENIED as moot.

It is further ordered that Plaintiff's Motion to Strike Defendants' Reply (ECF No. 38) is DENIED.

It is further ordered that Defendants' Request for Submission (ECF No. 39) is GRANTED.

Dated this 16th day of January, 2026.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE